**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony C. SIMS, Defendant–**
**Appellant.**

**No. 02–30370.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2003.*

Decided Nov. 13, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

St. Clair Frederick Winiker, III, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Donald D. Hackney, Esq., Hackney, Hamilton & Carroll, Spokane, WA, for Defendant–Appellant.

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM **

Anthony Sims entered a conditional guilty plea to charges of possession with the intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He appeals from the district court's order denying his motion to suppress evidence obtained through a search warrant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ The district court correctly found probable cause for the search based on Agent Hart's affidavit. The affidavit supported the court's ruling as it contained information that: (1) Dusek sold cocaine to the confidential informant ("CI") on three separate "controlled" occasions; (2) Dusek made plans with the CI to rob his "supplier" in conversations monitored by the SPD; (3) the CI pointed out the apartment in question while under surveillance; (4) Dusek was reliable because he made statements against his penal interest; and (5) the information gleaned through the stop of Sheena Best corroborated Dusek's statement that his supplier "Sims" resided in the apartment they searched. This information was more than sufficient to support the district court's determination that probable cause to search the apartment existed under the "totality of the circumstances." *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Angulo–Lopez,* 791 F.2d 1394, 1396 (9th Cir.1984).

■ Although the government acknowledged that paragraphs 5 and 6 of Agent

174

Hart's affidavit contained some misinformation, the district court disregarded paragraph 5 in determining probable cause and held that paragraph 6 was not an important aspect of its determination. Because none of the misinformation was necessary to the district court's finding probable cause, Sims was not entitled to a *Franks* hearing. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667, (1978); *United States v. Lefkowitz,* 618 F.2d 1313, 1317 (9th Cir.1980).

**AFFIRMED.**